**LAW OFFICES OF DELVIS MELENDEZ, P.C.**
**90 BRADLEY STREET**
**BRENTWOOD, NEW YORK, 11717**
**631-434-1443**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

SEP 16 2013

LONG ISLAND OFFICE

September 13, 2013

**VIA ECF**
Judge Feuerstein
United States District Court
Eastern District of New York
Long Island Court House
100 Federal Plaza
Central Islip, New York, 11722-4438

Order
The application is:
___ granted
✓ denied
___ referred to Magistrate Judge _____ for
___ decision
___ report and recommendation

SO ORDERED.

s/ Sandra J. Feuerstein

Re: <u>Gonzalez Bravo v. Finest Maintenance.</u>
    Case No: CV-13-00342

U.S.D.J.    9/16/13

Dear Judge Feuerstein:

The undersigned represents plaintiffs and moves for reconsideration of Your Honor's September 12, 2013, ruling. Plaintiffs contend that the extraordinary remedy of staying the proceeding will prejudice the plaintiffs by derailing their ability to expeditiously proceeding with the case. Moreover, a determination by the United State Attorneys Office as to whether or not to proceed with a criminal fraud charge against the defendants is not dispositive of the civil case before Your Honor. Before the Court, is defendants motion for summary judgment. The threshold issue of whether the Finest Maintenance Inc., grossed revenue in excess of $500,000 required a determination of whether there are issues of material fact. That determination can be made based on the pleadings, affidavits, memorandum of law, and record currently before the court. Conversely, a criminal fraud charge is a collateral matter which imposes a difference burden of proof.

"Pre-indictment requests for a stay of civil proceedings are generally denied." <u>United States v. Private Sanitation Industry Assoc. of Nassau/Suffolk, Inc.</u>, 811 F.Supp. 802, 805 (E.D.N.Y.1992) In support of Plaintiffs position the court is directed to <u>In re Par Pharmaceutical</u>, 133 F.R.D. 12, 13 (S.D.N.Y.1990)(holding "The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, ... but will deny a stay of the civil proceeding where no indictment has issued"); <u>United States v. Private Sanitation Indus. Ass'n</u>, 811 F.Supp. 802, 805 (E.D.N.Y.1992) ( "since [defendant] has yet to be indicted by any grand jury, his motion to stay may be denied on that ground alone"); <u>United States v. District Council of New York City</u>, 782 F.Supp. 920, 925

(S.D.N.Y.1992) ("courts in this district will deny a stay of the civil proceeding where no indictment has issued"); Kudo v. Simels, No. 91 Civ. 3167(JFK), 1992 WL 80762, at *2 (S.D.N.Y. April 8, 1992) ("In this circuit, district courts generally take the extraordinary step of issuing a stay only after a criminal investigation has resulted in an indictment") See also Fidelity Funding of California v. Reinhold, 190 F.R.D. 45, 52-53 (E.D.N.Y.1997) (stay granted as to indicted defendant, denied as to defendant who had not yet been indicted).

The delay imposed on the plaintiff is potentially indefinite. There is no telling how complicated the government's investigation may be, whether the allegations of the particular civil plaintiff are merely the tip of an iceberg that will result in a lengthy and open-ended investigation, what priority the government assigns to the investigation, whether it will result in charges that will have to be litigated, or how time-consuming the resulting criminal case will be. Morever, many of these proceedings do not require a public record, leaving the Plaintiffs in the dark as to the United States Attorneys' Office process and determinations. In light of the weight of the authority holding the absent criminal indictment, civil matters will not be stayed. We respectfully ask the Court to reconsider staying the matter until the United States Attorney Office makes a determination.

The instant matter, has been initiated by Plaintiffs on behalf of themselves and others similarly situated. As, discovery has been limited to the threshold issue, Plaintiffs have not had an opportunity to file a motion pursuant to 29 U.S.C. 216(b). Plaintiffs and potential putative class members would be prejudiced by the stay. Unlike the statute of limitations in a Rule 23 class action, which is tolled for all putative class members upon the filing of the complaint, the limitations periods in a FLSA action continues to run until an individual affirmatively opts into the action. Moreover, "[s]igned consents do not relate back to the original filing date of the complaint." **Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y.2006)**. In the event the Court determines that a stay of discovery is fair and equitable, Plaintiffs ask the Court to exercise its discretion to equitably toll the limitations period as to the putative class members. The delay caused by the time required by the United States Attorneys' Office in the investigatation of Finest Maintenance Inc., as to criminal fraud, may be deemed an "extraordinary circumstance[ ]" justifying application of the equitable tolling doctrine. See Yahraes v. Restaurant Assocation Events Corp., 2011 Wl 844963(E.D.N.Y) citing **Abadeer v. Tyson Foods, Inc., 2010 WL 5158873, at *2-4 (M.D.Tenn. Dec.14, 2010); Israel Antonio-Morales v. Bimbo's Best Produce, Inc., 2009 WL 1591172, at *1 (E.D.La. Apr.20, 2009)** (collecting cases for the proposition that "[c]ourts

routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions"); **Stickle v. Sciwestern Mkt. Support Ctr., 2008 WL 4446539, at *22 (D.Ariz. Sept.30, 2008)** (collecting cases); **Owens v. Bethlehem Mines Corp., 630 F.Supp. 309, 312 (S.D.W.V.1986)**.

                                                                        Respectfully Submitted,

                                                                       Delvis Melendez

C.C Raymond Voulo